# Gammill Law

A PROFESSIONAL CORPORATION
1500 ROSECRANS AVENUE, SUITE 500
Manhattan Beach, California 90266
Telephone 310.750.4149
info@gammill.law

DAVID W. GAMMILL  SBN 258286

*Attorney for Plaintiff Dirul Robinson*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRUL ROBINSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF TORRANCE; TORRANCE POLICE DEPARTMENT; TORRANCE POLICE DEPARTMENT OFFICER SATTERFIELD; TORRANCE POLICE DEPARTMENT OFFICER YOUNG; TORRANCE POLICE DEPARTMENT OFFICER WALLACE; TORRANCE POLICE DEPARTMENT OFFICER TOMSIC; DOE POLICE OFFICERS 1–20, inclusive; and DOE CORRECTIONAL OFFICERS 1–20, inclusive,<br><br>Defendants. | CASE NO.: 2:22-cv-5173<br><br>**COMPLAINT FOR DAMAGES AND CLAIMS FOR RELIEF:**<br><br>1. **VIOLATION OF CIVIL RIGHTS: UNLAWFUL SEARCH AND SEIZURE;**<br>2. **VIOLATION OF CIVIL RIGHTS: EXCESSIVE FORCE;**<br>3. **VIOLATION OF CIVIL RIGHTS: FIRST AMENDMENT; and**<br>4. **VIOLATION OF CIVIL RIGHTS: *MONELL* CLAIM.**<br><br>**DEMAND FOR JURY TRIAL** |

## SUMMARY OF FACTS

1. Plaintiff Dirul Robinson brings this Complaint for damages arising out of injuries he suffered when he was unlawfully arrested by officers of Defendant Torrance Police Department and consequently imprisoned for over a year in violation of his civil rights.

2. On June 24, 2018, Mr. Robinson was driving his Porsche Cayenne in Redondo Beach, California. Defendant Torrance Police Department Officers Satterfield (#20784) and Young (#21088) stopped Mr. Robinson's car at the corner of Hawthorne Boulevard and West 177th Street, claiming that they had done so because Mr. Robinson had failed to signal a lane change and because he was playing loud music. In reality, the officers targeted Mr. Robinson because he was a Black man driving a Porsche in their jurisdiction.

3. Instead of conducting a routine traffic stop or citing or warning Mr. Robinson, the officers pulled out their sidearms and pointed them at Mr. Robinson without explanation. Fearing for his life, Mr. Robinson fled. The officers pursued, causing Mr. Robinson to crash.

4. To cover up this incident, Defendant Officers Satterfield and Young either turned off their dashcam before harassing Mr. Robinson or else deleted critical portions of dashcam footage that captured the encounter.

5. Defendant Officers Satterfield and Young later falsely claimed that Mr. Robinson responded to their requests that he exit his car and present his driver's license by driving off in an attempt to evade them, and ultimately crashing. Mr. Robinson was then illegally arrested by Defendant Torrance Police Department Officers Wallace (#19752) and Tomsic (#19938).

6. Mr. Robinson posted bail, was arraigned on August 29, 2018, and had his preliminary hearing on February 21, 2020. At the preliminary hearing, Officer Young lied under oath and claimed that he and Officer Satterfield had never brandished their weapons at Mr. Robinson. Officer Young also claimed that he had no idea what had

happened to the video footage of the encounter with Mr. Robinson. Faced with the officers' lies and a lack of critical exculpatory evidence (because this evidence had been intentionally spoliated by the officers), Mr. Robinson pleaded no contest to the charges against him in Los Angeles Superior Court Case No. YA098780. He later surrendered into custody on November 16, 2020. Mr. Robinson was housed first in Los Angeles County's Men's Jail and then in the State of California's California City Correctional Facility.

7. In September 2021, Mr. Robinson's criminal-defense attorney received a letter from the Los Angeles County District Attorney's Office. The letter stated that officers involved in Mr. Robinson's arrest had sent, received, and commented on racist text messages and pictures that were derogatory toward Black people. The letter explained that these text messages were not disclosed to Mr. Robinson's defense attorney even though they were required to have been disclosed during discovery. The text messages included discussions about racial profiling, illegally stopping minorities, and using excessive force on minorities—all to the officers' amusement.

8. On January 31, 2022, Mr. Robinson withdrew his no-contest plea in Los Angeles Superior Court. He posted bail on February 16, 2022, and was then released from custody by the State of California. On March 15, 2022, all charges against Mr. Robinson were dismissed under section 1385 of the California Penal Code.

## PARTIES

9. At all relevant times, Mr. Robinson was an individual residing in the County of Los Angeles, State of California.

10. At all relevant times, Defendant City of Torrance was a governmental entity organized and existing under the laws of the State of California.

11. At all relevant times, Defendant Torrance Police Department was a law-enforcement agency for Defendant City of Torrance. At all relevant times, Defendant Torrance Police Department was responsible for training and supervision of its police officers: Defendant Torrance Police Department Officers Satterfied, Young, Wallace,

and Tomisic; Defendants Doe Police Officers 1–20, and Defendants Doe Correctional Officers 1–20.

12. The City of Torrance is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Torrance Police Department, the Torrance Police Department's agents and employees, and the Torrance Police Department's officers. At all relevant times, Defendants City of Torrance and Torrance Police Department were responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of their employees and agents complied with the laws of the United States and of the State of California. At all relevant times, the City of Torrance was the employer of Defendants Doe Police Officers 1–20 and Doe Correctional Officers 1–20.

13. At all relevant times, Defendants Doe Police Officers 1–15 were individuals residing in the County of Los Angeles in the State of California. At all relevant times, Defendants Doe Police Officers 1–15 were acting in the course and scope of their employment with the City of Torrance and the Torrance Police Department and were acting under color of state law.

14. Defendants Doe Police Officers 16–20 are managerial, supervisorial, and policymaking employees of the Torrance Police Department who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the Torrance Police Department. Defendants Doe Police Officers 16–20 were acting with the complete authority and ratification of their principals, Defendants City of Torrance and Torrance Police Department.

15. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants Doe Police Officers 1–20 and Doe Correctional Officers 1–20 are unknown to Plaintiff at this time, and therefore Plaintiff sues these Doe Defendants under fictitious names. Plaintiff will seek leave of court to amend this Complaint when the true names and capacities of these Doe Defendants are ascertained.
///

16. Plaintiff is informed and believes, and based upon such information and belief, alleges that Defendants sued herein as Doe Correctional Officers 1–20 are each contractually, strictly, or vicariously liable or otherwise legally responsible in some manner for each and every act, omission, obligation, event, or happening set forth in this Complaint.

17. Plaintiff is informed and believes and thereon alleges that, at all relevant times, each Defendant, in addition to acting for himself, herself, or itself and on his, her, or its own behalf, is and was acting as the agent, servant, employee, and representative of, and with the knowledge, consent, and permission of, each and all of the Defendants.

18. Plaintiff further alleges that the acts of each of the Defendants were fully ratified by each and all of the other Defendants. Specifically, and without limitation, Plaintiff alleges on information and belief that the actions, failures to act, and breaches alleged herein to be attributed to one or more of the Defendants were approved, ratified, and done with the cooperation and knowledge of each and all of the other Defendants.

## FIRST CLAIM FOR RELIEF

## VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

## UNLAWFUL SEARCH AND SEIZURE

### (Plaintiff against all Defendants)

19. Plaintiff realleges and incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though fully set forth herein.

20. Defendants searched, seized, detained, and incarcerated Plaintiff without consent, reasonable suspicion, or probable cause.

21. When Defendants pulled Plaintiff over, brandished their guns at him, took him into custody, and incarcerated him all without consent, reasonable suspicion, or probable cause as alleged herein, they violated Plaintiff's right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

22. Defendants knew that their conduct could and would likely result in the violation of Plaintiff's civil rights and would result in further significant injury or unnecessary and wanton infliction of emotional distress but disregarded those risks and contributed to and caused damages to Plaintiff.

23. Because of the conduct of Defendants, and each of them, Plaintiff has suffered general damages and special damages, all in sum to be proved at trial. Because of the conduct of Defendants, and each of them, Plaintiff has been required to incur attorney's fees and will continue to incur attorney's fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. § 1988.

24. Defendants acted with a conscious disregard of Plaintiff's rights conferred upon him by Section 1983, Title 42 of the United States Code, the Fourth Amendment to the United States Constitution, and California Civil Code section 3333 by intentionally and unnecessarily causing Plaintiff great harm.

25. Defendants' conduct constitutes malice, oppression, or fraud under California Civil Code section 3294, entitling Plaintiff to punitive damages against the individual Defendants in an amount suitable to punish and set an example of these individual Defendants.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
## EXCESSIVE FORCE
### (Plaintiff against all Defendants)

26. Plaintiff realleges and incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though fully set forth herein.

27. As alleged herein, Defendants used excessive force against Plaintiff when they unjustifiably drew their guns on Plaintiff, frightening him and causing him to crash. The foregoing conduct was without justification or probable cause. Defendants' unjustified excessive use of force deprived Plaintiff of his right to be secure in his person

against unreasonable use of force as guaranteed under the Fourth and Fourteenth Amendments.

28. Based on the facts readily available and known to Defendants, no reasonable conclusion could be drawn that force, let alone the extreme degree of force used, was reasonable. At all relevant times, Plaintiff was compliant, lawfully present on a public street, and posing no immediate threat of death or serious bodily injury. No objective facts readily available and known to Defendants could have reasonably led them to conclude that Plaintiff was a threat requiring the use of such harmful and excessive force. As a result of the foregoing, Plaintiff suffered great injuries. Further, Defendants' actions and use of force violated their training and standard police-officer training.

29. Defendants, under color of law, intentionally, recklessly, negligently, unlawfully, and with malice, fraud, and oppression violated Plaintiff's Civil Rights and his right to be secure in his person against unreasonable use of force as guaranteed to Plaintiff under the Fourth and Fourteenth Amendments.

30. Plaintiff further alleges that Defendants, with deliberate indifference to and reckless disregard for Plaintiff's safety and well-being, and in violation of the Fourth and Fourteenth Amendments to the United States Constitution, committed or allowed to be committed, acts that deprived Plaintiff of his Constitutional rights.

31. Because of the conduct of Defendants, and each of them, Plaintiff has suffered general damages and special damages, all in sum to be proved at trial. Because of the conduct of Defendants, and each of them, Plaintiff has been required to incur attorney's fees and will continue to incur attorney's fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. § 1988.

32. Defendants acted with a conscious disregard of Plaintiff's rights conferred upon him by Section 1983, Title 42 of the United States Code, the Fourth Amendment to the United States Constitution, and California Civil Code section 3333 by intentionally and unnecessarily causing Plaintiff great harm.

33. Defendants' conduct constitutes malice, oppression, or fraud under California Civil Code section 3294, entitling Plaintiff to punitive damages against the individual Defendants in an amount suitable to punish and set an example of these individual Defendants.

## THIRD CLAIM FOR RELIEF
## VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
## FIRST AMENDMENT
### (Plaintiff against all Defendants)

34. Plaintiff realleges and incorporates by reference the allegations contained in all preceding paragraphs of this Complaint, as though fully set forth herein.

35. The rights of free speech, free assembly, and free association are guaranteed under the First Amendment to the United States Constitution and are clearly established such that a reasonable police officer, correctional officer, police department, or municipality in Defendants' situation would have known it was wrong to interfere with Plaintiff's constitutional right to free speech and his right to gather for peaceful and lawful purposes.

36. By stopping Plaintiff, taking him into custody, and incarcerating him all because he was simply driving lawfully on public roads, Defendants interfered with Plaintiff's rights and protections guaranteed by the First, Fourth, and Fourteenth Amendments to the United States Constitution.

37. At all times material to this action, Defendants were acting under color of state law in violating Plaintiff's constitutional rights under the First, Fourth, and Fourteenth Amendments to the Constitution of the United States.

38. Defendants directly participated in or aided and abetted the wrongful search and seizure of Plaintiff and violated Plaintiff's First Amendment rights.

39. Because of the conduct of Defendants, and each of them, Plaintiff has suffered general damages and special damages, all in sum to be proved at trial. Because of the conduct of Defendants, and each of them, Plaintiff has been required to incur

attorney's fees and will continue to incur attorney's fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. § 1988.

40. Defendants acted with a conscious disregard of Plaintiff's rights conferred upon him by Section 1983, Title 42 of the United States Code, the Fourth Amendment to the United States Constitution, and California Civil Code section 3333 by intentionally and unnecessarily causing Plaintiff great harm.

41. Defendants' conduct constitutes malice, oppression, or fraud under California Civil Code section 3294, entitling Plaintiff to punitive damages against the individual Defendants in an amount suitable to punish and set an example of these individual Defendants.

## FOURTH CLAIM FOR RELIEF
## VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
## *MONELL* CLAIM
**(Plaintiff against Defendants City of Torrance, Torrance Police Department, and Doe Police Officers 16–20)**

42. Plaintiff realleges and incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though fully set forth herein.

43. At all relevant times, Defendants acted under color of state law. Defendants' actions violated Plaintiff's rights under the United States Constitution, including the First, Fourth, and Fourteenth Amendments thereto.

44. Upon information and belief, Doe Police Officers 16–20 were final policymakers, acting under color of state law, who had final policymaking authority concerning the acts of all other Defendant police and correctional officers sued in this action. Doe Police Officers 16–20 ratified the acts of all other police and correctional officers sued in this action and ratified the bases for these acts. Upon information and belief, the final policymakers knew of and specifically approved of the acts of the police and correctional officers sued in this action.

///

45. Upon information and belief, one or more final policymakers determined that the acts of the police and correctional officers sued in this action were "within policy."

46. Accordingly, Defendants City of Torrance, Torrance Police Department, and Doe Police Officers 16–20 are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

47. The training policies of Defendants City of Torrance and Torrance Police Department were not adequate to train those Defendants' officers to handle the usual and recurring situations with which they must deal.

48. Defendants City of Torrance and Torrance Police Department were deliberately indifferent to the obvious consequences of their failure to train their officers adequately.

49. The failure of Defendants City of Torrance and Torrance Police Department to provide adequate training caused the deprivation of Plaintiff's rights by the police and correctional officers named in this action; that is, Defendants City of Torrance and Torrance Police Department's failure to train is so closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the ultimate injury.

50. On information and belief, Defendants City of Torrance and Torrance Police Department failed to train the police and correctional officers sued in this action properly and adequately. By reason of the aforementioned acts and omissions, Plaintiff has been injured.

51. Accordingly, Defendants City of Torrance and Torrance Police Department are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

52. The police and correctional officers sued in this action acted pursuant to an expressly adopted official policy or a longstanding practice or custom of Defendants City of Torrance and Torrance Police Department.

///

- 10 -
COMPLAINT FOR DAMAGES

53. On information and belief, the police and correctional officers sued in this action were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with Plaintiff's injuries.

54. Defendants City of Torrance and Torrance Police Department's policymakers and supervisors maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a) Conducting unlawful searches and seizures and applying excessive force in a racially discriminatory manner in violation of citizens' First, Fourth, and Fourteenth Amendment rights;

(b) Providing inadequate training regarding searches and seizures and use of force;

(c) Employing and retaining as police and correctional officers persons such as the police and correctional officers sued in this action, whom Defendants City of Torrance and Torrance Police Department knew or reasonably should have known had dangerous propensities for abusing their authority and for conducting unlawful searches and seizures and applying excessive force in a racially discriminatory manner;

(d) Inadequately supervising, training, controlling, assigning, and disciplining Torrance Police Department officers and other personnel, including the police and correctional officers sued in this action, whom Defendants City of Torrance and Torrance Police Department knew, or in the exercise of reasonable care should have known, had the aforementioned propensities and character traits;

(e) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by the police and correctional officers sued in this action;

(f) Failing to adequately discipline Torrance Police Department officers, including the police and correctional officers sued in this action, for the above-

referenced categories of misconduct, including by employing mere "slap-on-the-wrist," discipline that is so slight as to be out of proportion with the magnitude of the misconduct, and by administering other inadequate discipline that is tantamount to encouraging misconduct;

(g) Announcing that unreasonable, unjustified, and excessive search-and-seizure and use-of-force practices are "within policy," including practices later determined to be unconstitutional; and

(h) Even where searches and seizures or use of force is determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved.

55. By reason of the aforementioned acts and omissions, Plaintiff has suffered physical and emotional injuries in an amount to be proved at trial.

56. Defendants City of Torrance, Torrance Police Department, and Doe Police Officers 16–20, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices, and customs alleged in the paragraphs above. Despite having knowledge as stated above, these Defendants condoned, tolerated, and ratified such policies. These Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff and others similarly situated.

57. By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, the police and correctional officers sued in this action acted with intentional, reckless, and callous disregard for Plaintiff's constitutional rights. Further, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants City of Torrance, Torrance Police Department and Doe Police Officers 16–20 were affirmatively linked to and were a significantly influential force behind Plaintiff's injuries.

///

///

58. Accordingly, Defendants City of Torrance, Torrance Police Department, and Doe Police Officers 16–20 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Dirul Robinson prays for judgment as follows:

1. For general damages in an amount to be determined by proof at trial;
2. For special damages in an amount to be determined by proof at trial;
3. For punitive and exemplary damages as allowed by law;
4. For costs of suit;
5. For reasonable attorney's fees and costs as provided by statute; and
6. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Dirul Robinson hereby demands a jury trial.

Dated: July 26, 2022                    GAMMILL LAW APC

By: _____
DAVID W. GAMMILL
Attorney for Plaintiff19