UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | CV 22-5173-RGK(Ex) | Date | April 10, 2023 |
|---|---|---|---|

| Title | DIRUL ROBINSON v. CITY OF TORRANCE, ET AL. |
|---|---|

Present: The Honorable   Charles F. Eick, United States Magistrate Judge

| Valencia Munroe | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

**Attorneys Present for Plaintiffs:**
None

**Attorneys Present for Defendants:**
None

**Proceedings:**         (IN CHAMBERS)

     The Court has read and considered all papers filed in support of and in opposition to the "Motion by Defendants Officers Joshua Satterfield and Christopher Allen-Young to Quash Subpoenas to City of Torrance and Los Angeles County District Attorney's Office" ("the Motion"), filed March 30, 2023. The previously noticed April 21, 2023 hearing date is vacated. The Court has taken the Motion under submission without oral argument.

     In this civil rights action brought pursuant to 42 U.S.C. section 1983, Plaintiff, "a Black man," claims that police officers Joshua Satterfield and Christopher Allen-Young ("Defendants") racially targeted Plaintiff and violated Plaintiff's Fourth Amendment rights (First Amended Complaint, filed September 8, 2022). All other claims alleged in the First Amended Complaint, including Plaintiff's Monell claims, have been dismissed. See Minute Orders filed December 7, 2022 and December 15, 2022. Plaintiff seeks from Defendants compensatory damages and punitive damages (First Amended Complaint, filed September 8, 2022).

     Plaintiff has served identical subpoenas to produce documents on the City of Torrance and the Los Angeles County District Attorney's Office. In the Motion, Defendants seek to quash both subpoenas in their entirety. Defendants principally argue issues of relevance, proportionality, privilege and the Rooker-Feldman doctrine.

     "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Fed. R. Civ. P. 26(b). "[T]he scope of discovery allowed by a subpoena is identical to the scope of discovery under

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 22-5173-RGK(Ex) | Date | April 10, 2023 |
|---|---|---|---|
| Title | DIRUL ROBINSON v. CITY OF TORRANCE, ET AL. | | |

Rule 26." Briggs v. Maricopa, 2021 WL 1192819, at *3 (D. Ariz. Mar. 30, 2021); Gonzales v. Google, Inc., 234 F.R.D. 674, 680 (N.D. Cal. 2006) ("Any information sought by means of a subpoena must be relevant to the claims and defenses in the underlying case"); see Exxon Shipping Co. v. United States Dep't of the Interior, 34 F.3d 774, 779 (9th Cir. 1994) (indicating that a district court may apply both the Rule 45 and the Rule 26 standards in ruling on a motion to quash); 9A Wright & Miller, Federal Practice and Procedure § 2459 ("This discovery relevance standard [in Rule 26(b)] has been applied to subpoenas in many cases"); but see Handloser v. HCL America, Inc., 2020 WL 4700989, at *4 (N.D. Cal. Aug. 13, 2020) ("as a general matter, a party has no standing to move to quash or for a protective order on the grounds that a subpoena seeks irrelevant information or would impose an undue burden on the non-party").

Defendants argue that, because courts generally evaluate Fourth Amendment claims under an objective standard, subpoenaed documents potentially relating to Defendants' subjective (allegedly racist) intent are irrelevant. Defendants are mistaken. See, e.g., Price v. Kramer, 200 F.3d 1237, 1251 (9th Cir.), cert. denied, 531 U.S. 816 (2000); Howard v. City of Los Angeles, 2017 WL 11682193, at *8-9 (C.D. Cal. Feb. 21, 2017); Seals v. Mitchell, 2011 WL 1399245, at *13 (N.D. Cal. Apr. 13, 2011).

Defendants also argue that prior complaints regarding Defendants and prior investigations regarding Defendants are irrelevant. Again, Defendants are mistaken. See, e.g., Lamon v. Adams, 2010 WL 4513405, at *2 (E.D. Cal. Nov. 2, 2010); Tennison v. San Francisco, 2005 WL 89008, at *1 (N.D. Cal. Jan. 12, 2005).

Defendants argue that the categories in the attachments to the subpoena are unreasonably overbroad and not proportional to the needs of the case. In this argument, Defendants are correct, as each of the categories exceeds the bounds of proportionality in some respect. Therefore, as to each category, the Court has either granted the Motion or narrowed the category appropriately.

Defendants argue state law privileges. These arguments are inapposite. In this federal question case, federal law, not state law, governs all issues of privilege. See Fed. R. Civ. Evid. 501; see also Folb v. Motion Picture Industry Pension and Health Plans, 16 F. Supp. 2d 1164, 1170 (C.D. Cal. 1998), aff'd, 216 F.3d 1082 (9th Cir. 2000) (after Jaffee v. Redmond, 518 U.S. 1 (1996), federal courts no longer may look to the law of the forum state in determining the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 22-5173-RGK(Ex) | Date | April 10, 2023 |
|---|---|---|---|
| Title | DIRUL ROBINSON v. CITY OF TORRANCE, ET AL. | | |

contours of federal privilege law); Jackson v. County of Sacramento, 175 F.R.D. 653, 654 (E.D. Cal. 1997) (same).

Federal courts recognize a qualified official information privilege and a qualified privacy privilege, both of which have application to some of the subpoenaed documents. See Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1990), cert. denied, 502 U.S. 957 (1991) (official information privilege); Bennett v. 38604 10th Street East, LLC, 2021 WL 503757, at *5 (C.D. Cal. July 30, 2021) (privacy privilege). Therefore, the Court has balanced Plaintiff's need for the subpoenaed documents against the interests of Defendants and others, including non-parties, in maintaining the alleged confidentiality of the subpoenaed documents under these qualified federal privileges.

Defendants argue that the Rooker-Feldman doctrine requires quashing the subpoenas (or at least one of them) as to any documents a Superior Court judge ordered not to be disclosed in certain criminal proceedings to which Plaintiff was not a party. Defendants are mistaken; Rooker-Feldman has no application here. Rooker-Feldman applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries, Inc., 544 U.S. 280, 294 (2005). Plaintiff is not a "state court loser," and Plaintiff does not seek federal court review of an allegedly injurious error by a state court. See Kougasian v. TMSL, Inc., 359 F.3d 1136, 1140 (9th Cir. 2004) (Rooker-Feldman "applies only when the federal plaintiff both asserts as her injury legal error or errors by the state court and seeks as her remedy relief from the state court judgment"). Here, Plaintiff does not, and need not, allege that the Superior Court judge committed any legal error in the state criminal proceedings. Where, as here, "a federal plaintiff presents an independent claim, it is not an impediment to the exercise of federal jurisdiction that the same or a related question was earlier aired . . . in state court." Spinner v. Switzer, 562 U.S. 521, 532 (2011) (citations and quotations omitted).

Accordingly, the Court rules on the Motion as follows:

The Motion is granted as to Categories 3 and 4. Assuming, arguendo, the documents sought have some conceivable relevance to the claims or defenses in this action, these categories are unreasonably overbroad and not proportional to the needs of the case, and Plaintiff's alleged need for the documents does not outweigh Defendants' qualified federal privileges.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 22-5173-RGK(Ex) | Date | April 10, 2023 |
|---|---|---|---|
| Title | DIRUL ROBINSON v. CITY OF TORRANCE, ET AL. | | |

    The Motion is granted in part as to Categories 1 and 2. The only text messages to be produced are the "disclosed texts" and any other text messages authored by either Defendant which reflect racial bias against Blacks or the use of racial slurs regarding Blacks. The Court has found that Plaintiff's need for these categories of documents, as limited, outweighs the interests of Defendants and others in maintaining the alleged confidentiality of the documents under any applicable qualified federal privilege.

    The Motion is also granted in part as to Category 5. The only documents to be produced are those documents specifically related to the text messages produced under this Order with respect to Categories 1 and 2. Category 5 is otherwise unreasonably overbroad and not proportional to the needs of this case.

    The Motion is denied as to Categories 6 and 7, except that there shall be a limitation to complaints made within the last five (5) years. As narrowed, the categories are proportional, and Plaintiff's need for the documents outweighs the interests of Defendants and others in maintaining the alleged confidentiality of the documents under any applicable qualified federal privilege.

    To the extent the Motion has been denied, the City of Torrance and the Los Angeles County District Attorney's Office shall comply with the subpoenas within twenty-one (21) days of the date of this Order.

    This discovery, and all discovery in this case, shall be subject to the Protective Order the Court files concurrently herewith.

cc:    Judge Klausner
        All Counsel of Record

Initials of Deputy Clerk  <u>VMUN</u>