Douglas C. Smith, Esq. (SBN 160013)
Daniel W. Ferris, Esq. (SBN 318813)
SMITH LAW OFFICES, LLP
4001 Eleventh Street
Riverside, CA 92501
Telephone: (951) 509-1355
Facsimile: (951) 509-1356
dsmith@smitlaw.com
dferris@smitlaw.com

Attorneys for Defendants
OFFICER CHRISTOPHER ALLEN-YOUNG (erroneously sued
herein as Torrance Police Department Officer Young), and
OFFICER JOSHUA SATTERFIELD (erroneously sued
herein as Torrance Police Department Officer Satterfield)

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRUL ROBINSON, an individual, | Case No.: 2:22-cv-05173-RGK(Ex) |
| Plaintiff, | **[PROPOSED] FINAL PRE-TRIAL CONFERENCE ORDER** |
| vs. | |
| CITY OF TORRANCE; TORRANCE POLICE DEPARTMENT; TORRANCE POLICE DEPARTMENT OFFICER SATTERFIELD; TORRANCE POLICE DEPARTMENT OFFICER YOUNG; TORRANCE POLICE DEPARTMENT OFFICER WALLACE; TORRANCE POLICE DEPARTMENT OFFICER TOMSIC; DOE POLICE OFFICERS 1-20, inclusive; and DOE CORRECTIONAL OFFICERS 1-20, inclusive, | DATE:  6/5/23<br>TIME:   9:00 a.m.<br>CTRM.: 850<br><br>Trial Date: June 13, 2023 |
| Defendants. | *Complaint filed 7/26/22*<br>*First Amended Complaint filed 9/8/22* |

# **TABLE OF CONTENTS**

1.   THE PARTIES AND PLEADINGS………………………………………….   3

2.   JURISDICTION……………………………………………………….....   4

3.   TRIAL DURATION………………………………………………….   4

4.   JURY TRIAL………………………………………………………….   4

5.   ADMITTED FACTS………………………………………………….   4

6.   STIPULATED FACTS……………………………………………..………   4

7.   PARTIES' CLAIMS AND DEFENSES……………………..…………   5

8.   REMAINING TRIABLE ISSUES………………………..………   8

9.   DISCOVERY……………………………………………..………   8

10.  DISCLOSURES AND EXHIBIT LIST…………………………………   8

11.  WITNESS LISTS……………………………………………….   8

12.  MOTIONS IN LIMINE………………………………………….   8

13.  BIFURCTION…………………………………………………..…   8

14.  ADMISSIONS…………………………………………………....   9

**[PROPOSED] FINAL PRE-TRIAL CONFERENCE ORDER**

Following pre-trial proceedings, pursuant to <u>Federal Rule of Civil Procedure</u> Rule 16 and Local Rule 16, IT IS ORDERED:

1. **THE PARTIES AND PLEADINGS:**

Plaintiff Dirul Robinson

Defendant Joshua Satterfield

Defendant Christopher Allen-Young

Plaintiff filed his original complaint on July 26, 2022. The original complaint named the City of Torrance, Torrance Police Department, Torrance Police Officer Young, Torrance Police Officer Satterfield, Torrance Police Officer Young, Torrance Police Officer Wallace, and Torrance Police Officer Tomsic. The original complaint asserted four causes of action, violation of civil rights: Unlawful Search And Seizure, Violation Of Civil Rights Excessive Force, Violation Of Civil Rights First Amendment, And Violation Of Civil Rights *Monell* Claim. Plaintiff filed his First Amended Complaint on September 8, 2022. Plaintiff asserted causes of action under 42 U.S.C. § 1983 claims for: (1) Unlawful Seizure; (2) Unlawful Seizure *Monell* Claim; (3) Excessive Force; and (4) Excessive Force *Monell* Claim.

Defendants Satterfield and Young answered the First Amended Complaint on September 22, 2022. On September 23, 2023, defendants the City of Torrance and Wallace filed a Motion to Dismiss as to all causes of actions asserted against them in the First Amended Complaint. This Court granted the City of Torrance and Wallace's Motion to Dismiss on December 7, 2022. On November 8, 2022, defendant Tomsic filed a Motion to Dismiss as to all causes of actions asserted against them in the First Amended Complaint. This Court granted Tomsic's Motion to Dismiss on December 15, 2022.

There are two remaining causes of action asserted against defendants Young and Satterfield, Unlawful Seizure, and Excessive Force.

///

///

**[PROPOSED] FINAL PRE-TRIAL CONFERENCE ORDER**

2. **JURISDICTION:**

It is stipulated that subject matter jurisdiction over this action exists under 28 U.S.C. § 1331, and venue is proper in this District and this Division pursuant to 28 U.S.C. § 1391(b)(1).

3. **TRIAL DURATION:**

The trial is estimated to take 3-4 days.

4. **JURY TRIAL:**

The trial is to be a jury trial.

Plaintiff and Defendants shall serve and file Joint Jury Instruction, Plaintiff's Disputed Jury Instruction, and Defendants' Disputed Jury Instruction by no later than May 29, 2023.

5. **ADMITTED FACTS:**

The following facts are admitted and require no proof:

    a.    The subject incident occurred on June 24, 2018;

    b.    Joshua Satterfield was a Patrol Officer for the City of Torrance on June 24, 2018; and

    c.    Christopher Allen-Young was a Patrol Officer for the City of Torrance on June 24, 2018.

6. **STIPULATED FACTS:**

The following facts, though stipulated, shall be without prejudice to any evidentiary objection: None.

7. **PARTIES' CLAIMS AND DEFENSES:**

**Plaintiff's Claims:**

    (a)    Plaintiff plans to pursue the following claims against Defendants:

**Claim 1:** Fourth Amendment claim for Unlawful Seizure against Defendants Joshua Satterfield and Christopher Allen-Young;

///

///

**Claim 2:** Fourth Amendment claim for Excessive Force against Defendants Joshua Satterfield and Christopher Allen-Young.

**<u>The Elements Required to Establish Plaintiff's Claims Are:</u>**

**Claim 1: Unlawful Seizure**

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his person.  In order to prove the defendants deprived the plaintiff of this Fourth Amendment right as integral participants in his seizure, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1. Officers other than the defendants seized the plaintiff's person;
2. In seizing the plaintiff's person, those other officers acted intentionally;
3. The seizure was unreasonable; and
4. Defendants Joshua Satterfield and Christopher Allen-Young were integral participants in the seizure by setting in motion a series of acts by those other officers which Mr. Satterfield and Mr. Allen-Young knew or reasonably should have known would cause those officers to deprive the plaintiff of his rights.

**<u>Defendants Dispute These Elements as Outlined in Defendants' Section Below.</u>**

**Claim 2: Excessive Force**

1. Each Defendant acted under the color of state law;
2. Each Defendant used excessive force against Plaintiff;
3. The use of excessive force was a cause of injury, damage, or harm to Plaintiff.

///

///

///

**[PROPOSED] FINAL PRE-TRIAL CONFERENCE ORDER**

**The Key Evidence Plaintiff Relies on for Each Claim:**

1.    Testimony of Plaintiff;

2.    Testimony of Joshua Satterfield;

3.    Testimony of Christopher Allen-Young;

4.    Audio recording of subject traffic stop;

5.    Video recording of subject traffic stop;

6.    Traffic Collision Report by Inglewood Police Department;

7.    Police Report of Torrance Police Department on plaintiff's arrest;

8.    Testimony of Roger Clark;

9.    Testimony of Brandon Ford;

10.   Testimony of Shawn Garbutt;

11.   Testimony of Paulette Just;

12.   Testimony of Tawana Tyler;

13.   Testimony of Quentin Durity; and

14.   Testimony of Sean O'Rourke.

**Defendant's Affirmative Defenses**

Defendant plans to pursue the following affirmative defenses:

**Defense 1: Reasonable Suspicion**

Each Officer had a reasonable suspicion to initiate the traffic stop.

**Defense 2: Reasonableness of Force Used**

The alleged use of force was reasonable.

**Defense 3: Lack of Causation**

Defendants submit Plaintiff's damages should be limited to those directly associated with the Defendant's traffic stop and alleged use of force (drawing weapon) before Plaintiff fled; and Plaintiff's damages associated with his activities after he fled, and alleged constitutional violations by others, including his subsequent arrest by other officers, the DA's prosecution of him, his no contest plea and incarceration are not recoverable against these Defendants.

**[PROPOSED] FINAL PRE-TRIAL CONFERENCE ORDER**

**Defense 4: Qualified Immunity**

Officers submit they are entitled to qualified immunity on plaintiff's seizure and excessive force causes of action as their conduct was not a constitutional violation and the right allegedly violated was not clearly established.

**Defense 5: Mitigating Damages**

Plaintiff failed to mitigate his damages.

**The Key Evidence Defendants Rely on for Each Defense:**

1.     Testimony of Plaintiff;

2.     Testimony of Joshua Satterfield;

3.     Testimony of Christopher Allen-Young;

4.     Audio recording of subject traffic stop;

5.     Video recording of subject traffic stop;

6.     Video recordings of the plaintiff's auto collision;

7.     Traffic Collision Report by Inglewood Police Department;

8.     Police Report of Torrance Police Department on plaintiff's arrest; and

9.     Testimony of Clarence Chapman.

**Defendants Elements to Plaintiff's Claim 1: Unlawful Seizure:**

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his person. In order to prove the defendant[s] deprived the plaintiff of this Fourth Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1.     Joshua Satterfield and/or Christopher Allen-Young seized the plaintiff's person;

2.     In seizing the plaintiff's person, Joshua Satterfield and/or Christopher Allen-Young acted intentionally; and

3.     The seizure was unreasonable.

///

///

**8.    REMAINING TRIABLE ISSUES:**

In view of the admitted facts and the elements required to establish the claims and affirmative defenses, the following issues remain to be tried:

   a. Whether the defendants' alleged first instance of use of force captured on video was reasonable under the totality of the circumstances.

   b. Whether the defendants' alleged second instance of use of force which was not captured on video was reasonable under the totality of the circumstances;

   c. Whether the defendants alleged illegal use of force, alleged untruthful police report, and alleged untruthful criminal proceeding's testimony set in motion a series of acts by others which the defendants knew or reasonably should have known would cause others to inflict the alleged unconstitutional seizure of plaintiff in prison; and

   d. Whether plaintiff's damages are limited to the emotional/physical injury directly related to the alleged conduct during the traffic stop. Plaintiff's subsequent damages after fleeing leading to his arrest, incarceration, and alleged violations of his rights by others, are not related to this traffic stop.

**9.    DISCOVERY:**

All discovery is complete other than expert witness depositions.

**10.    DISCLOSURES AND EXHIBIT LIST:**

All disclosures under <u>Fed. R. Civ. P.</u>, Rule 26(a)(3) have been made.

The Joint Exhibit List of the parties has been filed under separate cover as required by L.R. 16-6.1 ("Joint Exhibit List") on May 15, 2023.

///

///

**[PROPOSED] FINAL PRE-TRIAL CONFERENCE ORDER**

**11.   WITNESS LISTS:**

The Joint Witness List was filed in accordance with the Court's Jury Trial Order on May 15, 2023.

**12.   MOTIONS IN LIMINE:**

Motions in Limine were filed on May 12, 2023.

**Plaintiff's Motions in Limine:**

a.   Plaintiff's Motion in Limine #1 to exclude evidence of his withdrawn plea agreement; and

b.   Plaintiff's Motion in Limine #2 to exclude evidence of his prior gang membership.

**Defendants' Motions in Limine:**

a.   Defendants' Motion in Limine #1 to exclude other alleged misconduct;

b.   Defendants' Motion in Limine #2 to exclude plaintiff's subsequent arrests, criminal prosecution, no contest plea, and incarceration;

c.   Defendants' Motion in Limine #3 to exclude opinions of plaintiff's expert Roger Clark;

d.   Defendants' Motion in Limine #4 to preclude reference or entering into evidence any text messages subsequent to the subject incident; and

e.   Defendants' Motion in Limine #5 to preclude any reference to the post incident employment status of the defendants.

**13.   BIFURCATION**

The defendants request the Court to try the issue of liability/compensatory damages separate and apart from the issue of punitive damages.

///

///

///

///

///

**[PROPOSED] FINAL PRE-TRIAL CONFERENCE ORDER**

## 14.   __ADMISSIONS__

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pre-Trial Conference Order shall supersede the pleadings, and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

DATED:  May 25, 2023                    SMITH LAW OFFICES, LLP


By: _/ s / Douglas C. Smith_
   Douglas C. Smith
   Daniel W. Ferris
   Attorney for Defendants
   OFFICER CHRISTOPHER ALLEN-
   YOUNG (erroneously sued herein as
   Torrance Police Department Officer Young),
   and OFFICER JOSHUA SATTERFIELD
   (erroneously sued herein as Torrance Police
   Department Officer Satterfield)


DATED:  May 25, 2023                    GAMMILL LAW, APC


By: _/ s / David w. Gammill_
   David W. Gammill
   Attorney for Plaintiff
   DIRUL ROBINSON

**[PROPOSED] FINAL PRE-TRIAL CONFERENCE ORDER**