Douglas C. Smith, Esq. (SBN 160013)
Daniel W. Ferris, Esq. (SBN 318813)
SMITH LAW OFFICES, LLP
4001 Eleventh Street
Riverside, CA 92501
Telephone: (951) 509-1355
Facsimile: (951) 509-1356
dsmith@smitlaw.com
dferris@smitlaw.com

Attorneys for Defendants
OFFICER CHRISTOPHER ALLEN-YOUNG (erroneously sued
herein as Torrance Police Department Officer Young), and
OFFICER JOSHUA SATTERFIELD (erroneously sued
herein as Torrance Police Department Officer Satterfield)

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRUL ROBINSON, an individual, | Case No.: 2:22-cv-05173-RGK(Ex) |
| Plaintiff, | **DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTIONS** |
| vs. | |
| CITY OF TORRANCE; TORRANCE POLICE DEPARTMENT; TORRANCE POLICE DEPARTMENT OFFICER SATTERFIELD; TORRANCE POLICE DEPARTMENT OFFICER YOUNG; TORRANCE POLICE DEPARTMENT OFFICER WALLACE; TORRANCE POLICE DEPARTMENT OFFICER TOMSIC; DOE POLICE OFFICERS 1-20, inclusive; and DOE CORRECTIONAL OFFICERS 1-20, inclusive, | TRIAL DATE:   6/13/23 |
| | TIME:           9:00 a.m. |
| | CTRM.:          850 |
| | *Complaint filed 7/26/22* |
| | *First Amended Complaint filed 9/8/22* |
| Defendants. | |

The following jury instructions are being proposed by defendant Officer Satterfield and Officer Allen-Young and are objected to by plaintiff Dirul Robinson.

| NO. | TITLE | SOURCE | PAGE |
|---|---|---|---|
| 1. | Claims and Defenses (Modified) | 9th Cir. 1.4 | 3 |
| 2. | Particular Rights—Fourth Amendment—Unreasonable Seizure of Person—Generally | 9th Cir. 9.20 | 5 |
| 3. | Particular Rights—Fourth Amendment—Unreasonable Seizure of Person—Exception to Warrant Requirement—Terry Stop | 9th Cir. 9.21 | 8 |
| 4. | Particular Rights—Fourth Amendment—Unreasonable Seizure of Person—Excessive Force (Modified) | 9th Cir. 9.25 | 10 |
| 5. | California Vehicle Code Section 2800.1 | California Vehicle Code Section 2800.1 | 13 |
| 6. | CACI 5.3 – Damages--Mitigation | CACI 5.3 | 15 |
| 7. | Damages—Punitive Damages (for Bifurcation Phase) | 9th Cir. 5.5 | 17 |
| 8. | Use of Force During Terry Stop | 9th Circuit and Supreme Court Case Law | 20 |
| 9. | Ordering an Individual Out of a Vehicle During a Terry Stop | Supreme Court Case Law | 22 |

DATED: May 30, 2023                    SMITH LAW OFFICES, LLP


By:  / s / Douglas C. Smith
Douglas C. Smith
Daniel W. Ferris
Attorneys for Defendants
OFFICER CHRISTOPHER ALLEN-YOUNG (erroneously sued herein as Torrance Police Department Officer Young), and OFFICER JOSHUA SATTERFIELD (erroneously sued herein as Torrance Police Department Officer Satterfield)

**DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTIONS**

**<u>Defendants' Proposed Jury Instruction No. 1 (9th Cir. 1.4 - Claims and Defenses)</u>**
**<u>(Modified)</u>**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff asserts that on June 24, 2018, Defendants Joshua Satterfield and Christopher Allen-Young, in the use of their weapons, after stopping Plaintiff's vehicle on Hawthorne Boulevard in Torrance, inflicted excessive force on Plaintiff in violation of his 4th Amendment right against an unreasonable seizure. Each defendant denies Plaintiff's claims, and submits their use of their weapons during the lawful traffic stop was lawful and did not constitute excessive force. Defendants further submit that they did not cause Plaintiff's claimed injuries.

**DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTIONS**

**<u>Plaintiff's Objection:</u>**

Plaintiff prefer their version of 9th Cir. 1.4 as it is a better representation of the claims and defenses.

**<u>Defendants' Reply:</u>**

Plaintiff's version of 9th Cir. 1.4 is incomplete as to the factual allegations against these defendants.

**DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTIONS**

**<u>Defendants' Proposed Jury Instruction No. 2 (9th Cir. 9.20- Particular Rights—</u>**
**<u>Fourth Amendment—Unreasonable Seizure of Person—Generally</u>**

As previously explained, the plaintiff has the burden of proving that the act[s] of the defendants Joshua Satterfield and Christopher Allen-Young deprived the plaintiff of particular rights under the United States Constitution. In this case, the plaintiff alleges the defendant deprived him of his rights under the Fourth Amendment to the Constitution when each Defendant unlawfully detained him.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his person. In order to prove the defendant[s] deprived the plaintiff of this Fourth Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1.   Joshua Satterfield and/or Christopher Allen-Young seized the plaintiff's person;

2.   in seizing the plaintiff's person, Joshua Satterfield and/or Christopher Allen-Young acted intentionally; and

3.   the seizure was unreasonable.

A defendant "seizes" the plaintiff's person when [he] [she] restrains the plaintiff's liberty through coercion, physical force or a show of authority. A person's liberty is restrained when, under all of the circumstances, a reasonable person would not have felt free to ignore the presence of law enforcement officers and to go about [his] [her] business.

In determining whether a reasonable person in the plaintiff's position would have felt free to leave, consider all of the circumstances, including:

1.   the number of officers present;

2.   whether weapons were displayed;

3.   whether the encounter occurred in a public or nonpublic setting;

**DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTIONS**

4.   whether the officer's manner would imply that compliance would be compelled; and

5.   whether the officers advised the plaintiff that [he] [she] was free to leave.

[A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct. Therefore, the plaintiff must prove that the defendant intended to detain him It is not enough to prove that the defendant negligently or accidentally engaged in that action. But while the plaintiff must prove that the defendant intended to act; the plaintiff need not prove that the defendant intended to violate the plaintiff's Fourth Amendment rights.].]

**DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTIONS**

**Plaintiff's Objection:**

Plaintiff prefer their version of 9th Cir. 9.20 as it is includes the proper elements for the claim asserted; integral participant.

**Defendants' Reply:**

Defendants object that the instruction is irrelevant; is prejudicial; is improperly asserted. Defendants object on the grounds that the instruction of integral participant that the plaintiff has not alleged this theory until the proposal of this jury instruction. The complaint and first amended complaint have no allegations regarding these defendants being an integral participant in their arrest. Defendants object plaintiff asserting integral participant on the eleventh hour is prejudicial as defendants were unable to conduct discovery on this issue. Defendants object that they could not be considered any form of a "mere participant" as they were not on seen at the time of plaintiff's arrest. This court has ruled the arresting officers acted lawfully when plaintiff was arrested. (Docket No. 62 & 64.) Defendants did not instruct nor consult with the arresting officers in their arrest of the plaintiff. Plaintiff is not listing the arresting officers or any subsequent personnel that was a part of plaintiff's incarceration.

Defendants further object on grounds that Plaintiff's proposed instruction is irrelevant to the issues to be tried before this jury and Court, as it concerns issues not framed by the pleadings, Plaintiff's Memorandum of Contentions, or the Plaintiff's claims in the Proposed Pre-Trial Conference Order, and because it is irrelevant to the issues before this jury. Specifically, Defendants submit that Plaintiffs claims are limited to whether or not the officers during a lawful Terry stop used excessive force (9th Cir. 9.25); and that plaintiffs are not claiming the officers unlawfully seized or searched Plaintiff, other than in regard to the use of excessive force. See FED. R. EVID. 401-403.

**<u>Defendants' Proposed Jury Instruction No. 3 (9th Cir. 9.21 - Particular Rights—Fourth Amendment—Unreasonable Seizure of Person—Exception to Warrant Requirement—Terry Stop)</u>**

In general, a seizure of a person for an investigatory stop is reasonable if, under all of the circumstances known to the officers at the time:

   1. the officers had a reasonable suspicion that the person seized was committing a traffic violation; and

   2. the length and scope of the seizure was reasonable.

In order to prove the seizure in this case was unreasonable, the plaintiff must prove by a preponderance of the evidence that the officers lacked reasonable suspicion to stop him or that the length or scope of the stop was excessive.

"Reasonable suspicion" is a particularized and objective basis for suspecting the plaintiff of criminal activity. The officers are permitted to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them.

In determining whether the length or scope of the seizure was reasonable, consider all of the circumstances, including:

(1) the intrusiveness of the stop, such as the methods the police used, the restriction on the plaintiff's liberty, and the length of the stop;

(2) whether the methods used were reasonable under the circumstances;

**DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTIONS**

**Plaintiff's Objection:**

Plaintiff prefer their version of 9th Cir. 9.20 as it is includes the proper elements for the claim asserted; integral participant.  And plaintiff is not contesting the stop or duration of traffic stop.

**Defendants' Reply:**

Defendants object to the integral participant theory, as previously stated.

**DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTIONS**

**<u>Defendants' Proposed Jury Instruction No. 4 (9th Cir 9.25 - Particular Rights—</u>**
**<u>Fourth Amendment—Unreasonable Seizure of Person—Excessive Force</u>**
**<u>(Modified)</u>**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful traffic stop. Therefore, to establish an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that the officer[s] used excessive force.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether the officer used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

(1)    the nature of the crime or other circumstances known to the officers at the time force was applied;

(2)    whether the plaintiff posed an immediate threat to the safety of the officers or to others;

(3)    whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;

(4)    the amount of time the officer had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

(5)    the relationship between the need for the use of force and the amount of force used;

(6)    the extent of the plaintiff's injury;

**DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTIONS**

(7)     any effort made by the officer to temper or to limit the amount of force;

(8)     the severity of the security problem at issue;

(9)     the availability of alternative methods to detain plaintiff;

(10)   the number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability; i.e., which party created the dangerous situation, and which party is more innocent;

(11)   whether it was practical for the officer[s] to give warning of the imminent use of force, and whether such warning was given;

(12)   whether the officers were responding to a domestic violence disturbance;

(13)   whether it should have been apparent to the officer[s] that the person they used force against was emotionally disturbed; and

(14)   whether a reasonable officer would have or should have accurately perceived a mistaken fact.

**DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTIONS**

**Plaintiff's Objection:**

Plaintiff prefer their version as it includes all 15 factors.

**Defendants' Reply:**

Defendants prefer this version that does not include probable cause as a factor. Probable cause is not relevant to the causes of action asserted against these defendants.

**DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTIONS**

**<u>Defendant's Proposed Jury Instruction No. 5 (California Vehicle Code § 2800.1)</u>**

Under California law, it is a crime for a person, while operating a motor vehicle and with the intent to evade, to willfully flee or otherwise attempt to elude a pursuing peace officer's motor vehicle if all of the following conditions exist:

1.     The peace officer's motor vehicle is exhibiting at least one lighted red lamp visible from the front and the person either sees or reasonably should have seen the lamp.

2.     The peace officer's motor vehicle is sounding a siren as may be reasonably necessary.

3.     The peace officer's motor vehicle is distinctively marked.

4.     The peace officer's motor vehicle is operated by a peace officer.

**DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTIONS**

**Plaintiff's Objection:**

Plaintiff object as the jury will not be asked to find if Plaintiff evaded in under the Penal Code of California.

**Defendants' Reply:**

Defendants bring this jury instruction to inform the jury on the reasonable suspicion to stop plaintiff for the traffic stop.

**DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTIONS**

**<u>Defendants' Proposed Jury Instruction No. 6 (CACI 5.3 Damages—Mitigation)</u>**

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages. The defendant has the burden of proving by a preponderance of the evidence:

        1.     that the plaintiff failed to use reasonable efforts to mitigate damages; and

        2.     the amount by which damages would have been mitigated.

**DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTIONS**

**Plaintiff's Objection:**

Plaintiff objects on relevance until the evidence supporting lack of mitigation is established.

**Defendants' Reply:**

This instruction is relevant at the time of trial to ensure defendants can cross-examine the plaintiff on this issue and the jury has this instruction during their deliberation.

**DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTIONS**

**Defendants' Proposed Jury Instruction No. 7 (9ᵗʰ Cir. 5.5 - Damages—Punitive Damages) (for Bifurcation Phase)**

If you find for the plaintiff, you may, but are not required to, award punitive damages.

The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct [, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case].

**DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTIONS**

[In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.]

[You may impose punitive damages against one or more of the defendants and not others and may award different amounts against different defendants.] [Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.]

**DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTIONS**

**Plaintiff's Objection:**

Plaintiff objects as they are objecting to Bifurcation.

**Defendants' Reply:**

The district court has broad discretion in determining whether to bifurcate. Hangarter v. Provident Life & Acc. Ins. Co., 373 F.3d 998, 1021. A court may elect "to bifurcate a trial to permit deferral of costly and possibly unnecessary proceedings pending resolution of potentially dispositive preliminary issues." Jinro America Inc. v. Secure Inv., Inc., 266 F.3d 993, 998 (9th Cir. 2001). The difference in the evidence and burdens of proof to demonstrate liability and punitive damages weigh in favor of bifurcation. See Norwood v. Children and Youth Servs., Inc., Case No. CV 10-7944 GAF (MANx), 2012 WL 12882757, at *3 (C.D. Cal. July 27, 2012) (noting differences in proving elements of negligence and punitive damages claim as well as differences in the burden of proving punitive damages by clear and convincing evidence and proving negligence by a preponderance of the evidence); Katsaros v. Cody, 744 F.2d 270, 278 (2d Cir.), cert. denied, 469 U.S. 1072 (1984) (bifurcation warranted if the two phases involve different types of evidence); Helminski v. Ayerst Lab., a Div. of American Home Prods. Corp.,766 F.2d 208, 212 (6th Cir.), cert. denied, 474 U.S. 981 (1985) (bifurcation "is appropriate when 'the evidence pertinent to the two issues is wholly unrelated' and the evidence relevant to the damages issue could have a prejudicial impact upon the jury's liability determination.").

In this case, the issue of punitive damages is separate from the issues of the use of force in this case. The defendants would be prejudiced if they had to present evidence on their financial security during the liability phase. The issue of punitive damages should only be presented to the jury if there is a finding of liability.

**DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTIONS**

**Defendants' Proposed Jury Instruction No. 8 (Use of Force During a Terry Stop)**

During a traffic stop, when an officer reasonably believes force is necessary to protect his own safety or the safety of the public, an officer is allowed to use a degree of force reasonable under the circumstances. Under ordinary circumstances, drawing weapons or using handcuffs are not part of a Terry stop. Nevertheless, intrusive and aggressive police conduct is allowed when it is a reasonable response to legitimate safety concerns on the part of the investigating officers.  Measures used to restrain individuals, such as stopping them at gunpoint and handcuffing them, are reasonable, when an officer reasonably believes such force is necessary to protect his own safety or the safety of the public.

**Authority:**

Allen v. City of Los Angeles, 66 F.3d 1052, 1056–57 (9th Cir. 1995)

Gallegos v. City of Los Angeles, 308 F.3d 987, 991 (9th Cir. 2002)

Alexander v. Cnty. of Los Angeles, 64 F.3d 1315, 1320 (9th Cir. 1995)

United States v. Buffington, 815 F.2d 1292, 1300 (9th Cir.1987)

United States v. Guzman–Padilla, 573 F.3d 865, 884 (9th Cir. 2009)

U.S. v. Hensley, (1985) 469 U.S. 221, 235.

United States v. Merritt, 695 F.2d 1263, 1273 (10th Cir.1982).

**DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTIONS**

**Plaintiff's Objection:**

Relevance. Defendants have not offered any evidence that the officers' use of force was based on a concern of safety.  They have never indicated they wanted to search or frisk plaintiff. In fact they indicated they did not have any reason or right to search plaintiff or his vehicle.

**Defendants' Reply:**

As outlined in the defendants Motion for Summary Judgment and their depositions, the defendants did have a reasonable belief of officer safety based on the behavior of the plaintiff leading up to the traffic stop.

**DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTIONS**

**<u>Defendants' Proposed Jury Instruction No. 9 (Ordering an Individual Out of a Vehicle During a Terry Stop)</u>**

Once a motor vehicle has been lawfully detained for a traffic violation, the police officer may order the driver to get out of the vehicle without violating the Fourth Amendment's proscription of unreasonable searches and seizures.

**<u>Authority:</u>**

<u>Pennsylvania v. Mimms</u>, 434 U.S. 106, 98 S. Ct. 330, 54 L. Ed. 2d 331 (1977)

**DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTIONS**

**Plaintiff's Objection:**

Relevance, Mimms allows an officer to order people out of a car for safety reasons paired with reasonable suspicion of a crime.  The only evidence presented in the defendants wanted to order the plaintiff and passenger out of the car to for safety reasons based on the traffic.

**Defendants' Reply:**

Mimms, is applicable to this case as the defendants had a reasonable suspicion of a crime when they pulled over the plaintiff. As outlined in their testimonies and motion for summary judgment, the defendants did have a concern for officer safety during the traffic stop based on the behavior of the plaintiff.

**DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTIONS**