Douglas C. Smith, Esq. (SBN 160013)
Daniel W. Ferris, Esq. (SBN 318813)
SMITH LAW OFFICES, LLP
4001 Eleventh Street
Riverside, CA 92501
Telephone: (951) 509-1355
Facsimile: (951) 509-1356
dsmith@smitlaw.com
dferris@smitlaw.com

Attorneys for Defendants
OFFICER CHRISTOPHER ALLEN-YOUNG (erroneously sued herein as Torrance Police Department Officer Young), and
OFFICER JOSHUA SATTERFIELD (erroneously sued herein as Torrance Police Department Officer Satterfield)

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRUL ROBINSON, an individual,<br><br>       Plaintiff,<br><br>   vs.<br><br>CITY OF TORRANCE; TORRANCE POLICE DEPARTMENT; TORRANCE POLICE DEPARTMENT OFFICER SATTERFIELD; TORRANCE POLICE DEPARTMENT OFFICER YOUNG; TORRANCE POLICE DEPARTMENT OFFICER WALLACE; TORRANCE POLICE DEPARTMENT OFFICER TOMSIC; DOE POLICE OFFICERS 1-20, inclusive; and DOE CORRECTIONAL OFFICERS 1-20, inclusive,<br>              Defendants. | Case No.: 2:22-cv-05173-RGK(Ex)<br><br>**PLAINTIFF DIRUL ROBINSON'S DISPUTED JURY INSTRUCTIONS**<br><br><br><br>TRIAL DATE:   6/13/23<br>TIME:               9:00 a.m.<br>CTRM.:              850<br><br><br>*Complaint filed 7/26/22*<br>*First Amended Complaint filed 9/8/22* |

1
**PLAINTIFF DIRUL ROBINSON'S DISPUTED JURY INSTRUCTIONS**

The following instructions are proposed by the plaintiff Dirul Robinson, which are being objected to by defendants Officer Satterfield and Officer Allen-Young.

| **NO.** | **TITLE** | **SOURCE** | **PAGE** |
|---|---|---|---|
| 1. | Claims and Defense | 9th Cir. 1.4 | 3 |
| 2. | Particular Rights—Fourth Amendment—Unreasonable Seizure of Person—Generally | 9th Cir. 9.20 | 5 |
| 3. | Particular Rights—Fourth Amendment—Unreasonable Seizure of Person—Excessive Force | 9th Cir. 9.25 | 8 |
| 4. | Lost or Destroyed Evidence | 9th Cir. 3.19 | 11 |
| 5. | Duress, Coercion, or Compulsion | 9th Cir. Crim. 5.7 | 13 |

DATED:  May 30, 2023            SMITH LAW OFFICES, LLP

By:  */s/ Douglas C. Smith*
  Douglas C. Smith
  Daniel W. Ferris
  Attorneys for Defendants
  OFFICER CHRISTOPHER ALLEN-YOUNG (erroneously sued herein as Torrance Police Department Officer Young), and OFFICER JOSHUA SATTERFIELD (erroneously sued herein as Torrance Police Department Officer Satterfield)

**Plaintiff's Proposed Jury Instruction No. 1 (9th Cir. 1.4 – Claims and Defenses)**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff asserts that on June 24, 2018, Defendants Joshua Satterfield and Christopher Allen-Young, after stopping Plaintiff's vehicle on Hawthorne Boulevard in Torrance, inflicted excessive force on Plaintiff and caused him to be unlawfully seized, in violation of his 4th Amendment rights. Each defendant denies Plaintiff's claims, and submits their use of their weapons during the lawful traffic stop was lawful and did not constitute excessive force. Defendants further submit that they did not cause Plaintiff's claimed injuries.

**Defendants' Objection:**

Defendants prefer their version of 9th Cir. 1.4 as it is a better representation of the claims and defenses.

**Plaintiff's Reply:**

Plaintiff submits the modified instruction above and believes it is a better statement of the claims and defenses.

**Plaintiff's Proposed Jury Instruction No. 2 (9th Cir. 9.20- Particular Rights— Fourth Amendment—Unreasonable Seizure of Person—Generally**

As previously explained, the plaintiff has the burden of proving that the acts of the defendants Joshua Satterfield and Christopher Allen-Young deprived the plaintiff of particular rights under the United States Constitution. In this case, the plaintiff alleges the defendants deprived him of his rights under the Fourth Amendment to the Constitution when Plaintiff was unlawfully seized by officers and held in jail thereafter, and defendants Joshua Satterfield and Christopher Allen-Young were integral participants in that unlawful seizure.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his person. In order to prove the defendants deprived the plaintiff of this Fourth Amendment right as integral participants in his seizure, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1. Officers other than the defendants seized the plaintiff's person;
2. In seizing the plaintiff's person, those other officers acted intentionally;
3. The seizure was unreasonable; and
4. Defendants Joshua Satterfield and Christopher Allen-Young were integral participants in the seizure by setting in motion a series of acts by those other officers which Mr. Satterfield and Mr. Allen-Young knew or reasonably should have known would cause those officers to deprive the plaintiff of his rights.

A defendant "seizes" the plaintiff's person when he or she restrains the plaintiff's liberty through coercion, physical force or a show of authority.

A defendant is an "integral participant" in an unlawful seizure when he or she is more than a "mere bystander" in the alleged constitutional violations, and either (1) instructs other officers to seize the plaintiff, or (2) consults with the other officers in the decision to seize the plaintiff.

*See* Ninth Circuit Manual of Model Civil Jury Instructions § 9.20; Peck v. Montoya, 51 F.4th 877, 889–90 (9th Cir. 2022); Nicholson v. City of Los Angeles, 935 F.3d 685, 692 (9th Cir. 2019).

**PLAINTIFF DIRUL ROBINSON'S DISPUTED JURY INSTRUCTIONS**

**Defendants' Objection:**

Defendants object that the instruction is irrelevant; is prejudicial; is improperly asserted. Defendants object on the grounds that the instruction of integral participant that the plaintiff has not alleged this theory until the proposal of this jury instruction. The complaint and first amended complaint have no allegations regarding these defendants being an integral participant in their arrest. Defendants object plaintiff asserting integral participant on the eleventh hour is prejudicial as defendants were unable to conduct discovery on this issue. Defendants object that they could not be considered any form of a "mere participant" as they were not on seen at the time of plaintiff's arrest. This court has ruled the arresting officers acted lawfully when plaintiff was arrested. (Docket No. 62 & 64.) Defendants did not instruct nor consult with the arresting officers in their arrest of the plaintiff. Plaintiff is not listing the arresting officers or any subsequent personnel that was a part of plaintiff's incarceration.

Defendants further object on grounds that Plaintiff's proposed instruction is irrelevant to the issues to be tried before this jury and Court, as it concerns issues not framed by the pleadings, Plaintiff's Memorandum of Contentions, or the Plaintiff's claims in the Proposed Pre-Trial Conference Order, and because it is irrelevant to the issues before this jury. Specifically, Defendants submit that Plaintiffs claims are limited to whether or not the officers during a lawful Terry stop used excessive force (9th Cir. 9.25); and that plaintiffs are not claiming the officers unlawfully seized or searched Plaintiff, other than in regard to the use of excessive force. See FED. R. EVID. 401-403.

**Plaintiff's Reply:**

This is the proper instruction under plaintiff unlawful seizure cause of action.

**<u>Plaintiff's Proposed Jury Instruction No. 3 (9th Cir. 9.25 – Particular Rights—Fourth Amendment—Unreasonable Seizure of Person—Excessive Force)</u>**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful traffic stop. Therefore, to establish an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that the officer[s] used excessive force.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether the officer used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

(1)  the nature of the crime or other circumstances known to the officers at the time force was applied;

(2)  whether the plaintiff posed an immediate threat to the safety of the officers or to others;

(3)  whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;

(4)  the amount of time the officer had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

(5)  the relationship between the need for the use of force and the amount of force used;

(6)  the extent of the plaintiff's injury;

(7)  any effort made by the officer to temper or to limit the amount of force;

(8)  the severity of the security problem at issue;

(9)  the availability of alternative methods to detain plaintiff;

(10) the number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability; i.e., which party created the dangerous situation, and which party is more innocent;

(11) whether it was practical for the officer[s] to give warning of the imminent use of force, and whether such warning was given;

(12) whether the officers were responding to a domestic violence disturbance;

(13) whether it should have been apparent to the officer[s] that the person they used force against was emotionally disturbed; and

(14) whether a reasonable officer would have or should have accurately perceived a mistaken fact.

(15) whether there was probable cause for a reasonable officer to believe that the suspect had committed a crime involving the infliction or threatened infliction of serious physical harm.

"Probable cause" exists when, under all of the circumstances known to the officer[s] at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.

**PLAINTIFF DIRUL ROBINSON'S DISPUTED JURY INSTRUCTIONS**

**Defendants' Objection:**

Defendant objects on the language of probable cause being included as it is not relevant to the allegations brought by the plaintiff against these defendants.

**Plaintiff's Reply:**

Plaintiff submits the modified instruction above and believes it is a better statement of the law, including all factors.

**Plaintiff's Proposed Jury Instruction No. 4 (9th Cir. 3.19 – Lost or Destroyed Evidence)**

If you find that the government intentionally destroyed, deleted, or intentionally manipulated audio and/or video recordings of this incident that the government knew or should have known would be evidence in this case, you may infer, but are not required to infer, that this evidence was unfavorable to the government.

**Defendants' Objection:**

Objection: Relevance; Unduly Prejudicial. There is no evidence that the defendants destroyed or altered any evidence in this case. The entirety of the subject traffic stop was caught on audio and video recordings.

**Plaintiff's Reply:**

I think we both have the exact same instruction here.

**PLAINTIFF DIRUL ROBINSON'S DISPUTED JURY INSTRUCTIONS**

**Plaintiff's Proposed Jury Instruction No. 5 (9th Cir. Crim. 5.7 – Duress, Coercion, or Compulsion (Legal Excuse)**

The plaintiff contends he acted under duress at the time he fled the defendants. Duress legally excuses any crime

A person acts under duress only if at the time of the alleged crime charged:

First, there was a present, immediate, or impending threat of death or serious bodily injury to the person;

Second, the person had a well-grounded fear that the threat of death or serious bodily injury would be carried out; [and]

Third, the person had no reasonable opportunity to escape the threatened harm.

**PLAINTIFF DIRUL ROBINSON'S DISPUTED JURY INSTRUCTIONS**

**Defendants' Objection:**

Defendants object on grounds that Plaintiff's proposed instruction is irrelevant to the issues to be tried before this jury and Court, as it concerns issues not framed by the pleadings, Plaintiff's Memorandum of Contentions, or the Plaintiff's claims in the Proposed Pre-Trial Conference Order, and because it is irrelevant to the issues before this jury. The plaintiff's claim of Duress has not been presented at any time during the pleading or discovery phase of this case.  Specifically, Defendants submit that Plaintiffs claims are limited to whether or not the officers during a lawful Terry stop used excessive force (9th Cir. 9.25). The plaintiff's alleged subsequent duress is irrelevant to the allegations against these defendants.

Furthermore, the plaintiff has not proved any statutory or case law in support of Duress being relevant to the causes of action asserted against these defendants. The plaintiff is not being criminally prosecuted in this case.

**Plaintiff's Reply:**

This instruction is proper under plaintiff excessive force claim and unlawful seizure cause of action as the facts laid out in the complaint. If the jury believes there was an excessive use of force, they should also be instructed that the duress caused by the excessive use of force is a total defense in court to any alleged crimes.