Douglas C. Smith, Esq. (SBN 160013)
Daniel W. Ferris, Esq. (SBN 318813)
SMITH LAW OFFICES, LLP
4001 Eleventh Street
Riverside, CA 92501
Telephone: (951) 509-1355
Facsimile: (951) 509-1356
dsmith@smitlaw.com
dferris@smitlaw.com

Attorney for Defendants
OFFICER CHRISTOPHER ALLEN-YOUNG (erroneously sued herein as Torrance Police Department Officer Young), and
OFFICER JOSHUA SATTERFIELD (erroneously sued herein as Torrance Police Department Officer Satterfield)

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRUL ROBINSON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF TORRANCE; TORRANCE POLICE DEPARTMENT; TORRANCE POLICE DEPARTMENT OFFICER SATTERFIELD; TORRANCE POLICE DEPARTMENT OFFICER YOUNG; TORRANCE POLICE DEPARTMENT OFFICER WALLACE; TORRANCE POLICE DEPARTMENT OFFICER TOMSIC; DOE POLICE OFFICERS 1-20, inclusive; and DOE CORRECTIONAL OFFICERS 1-20, inclusive,<br><br>Defendants. | Case No.: 2:22-cv-05173-RGK(Ex)<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 1 TO EXCLUDE OTHER ALLEGED MISCONDUCT**<br><br>Date: June 13, 2023<br>Time: 9:00 a.m.<br>Courtroom: 850<br><br>*Complaint filed 7/26/22*<br>*First Amended Complaint filed 9/8/22* |

1
**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE OTHER ALLEGED MISCONDUCT**

Defendants submits the following Reply to Plaintiffs' Opposition to Defendants' Motion in Limine No. 1 to Exclude Other Alleged Misconduct.

## I.

## ARGUMENT

Plaintiff's opposition first argues that Defendants Motion in Limine No.1 is not specific, but then argues the specific evidence that the Motion in Limine No.1 seeks to exclude, all other instances of complaints against these defendants. The evidence that Plaintiff wishes to admit was produced pursuant to this Court's order and is under the court's protective order. (Docket No.76&77.) Defendants' motion in limine was a broad motion in limine to exclude all other complaints against these Defendants, which is inadmissible under the Federal Rules of Evidence. Under Fed. R. Evid. 402, the introduction of any past complaints against these Defendants would not be relevant to proving whether they acted unlawfully on the day of the incident. Evidence of any past complaints against Defendants is impermissible under Fed. R. Evid. 403. The prejudicial effect substantially outweighs any probative value. See Old Chief v. United States, 519 U.S. 172, 180 (1997).

Plaintiff's substantive argument for the admittance of the complaints against these Defendants, the complaints are all after the subject traffic stop and are not related to their conduct during the traffic stop, is "Defendants' prior bad acts and complaints against them—particularly those weighing on their anti-black racism and approval of civil rights violations—is highly probative of their motive and intent in turning off the dashcam and unlawfully drawing their guns to threaten a car containing a group of black men." (Opp. P.6:18-22.) As conceded in the Plaintiff's opposition, "the Graham test for reasonableness in excessive force claims is objective in nature[.]" (Opp. P.5:11-12.) This court has already issued a ruling on the relevance of that alleged bias against these Defendants, "Defendants' proclivities are irrelevant for determining liability for violations of the Fourth Amendment because "[t]he Fourth Amendment inquiry is one of 'objective reasonableness' under the circumstances, and subjective

concepts like 'malice' and 'sadism' have no proper place in that inquiry ." <u>Graham v. Connor</u>, 490 U.S. 386, 399 (rejecting the Fourth Circuit's consideration of whether the individual officers acted in "good faith" or "maliciously and sadistically for the very purpose of causing harm.")." (Docket 125 P.3.)

Character evidence is normally not admissible in a civil rights case. <u>Cohn v. Papke,</u> 655 F.2d 191, 193 (9th Cir. 1981). For instance, in <u>Gates v. Rivera</u>, the Court held that because "[t]he question to be resolved was whether, objectively, [the officer's] use of force had been excessive," "[h]is past conduct did not bear on that issue." <u>Gates v. Rivera</u>, 993 F.2d 697, 700 (9th Cir. 1993). As such, any and all complaints, not relating to this traffic stop, is not admissible.

## II.
## CONCLUSION

Based upon the foregoing, Defendants respectfully request the Court enter an Order granting Motion in Limine #1, precluding any reference or use of evidence at trial that defendants may have been the subject of a complaint not relating to this traffic stop.

DATED: June 2, 2023                    SMITH LAW OFFICES, LLP

                                       By: *Daniel Ferris*
                                       _____
                                       Douglas C. Smith
                                       Daniel W. Ferris
                                       Attorney for Defendants
                                       OFFICER CHRISTOPHER ALLEN-YOUNG (erroneously sued herein as Torrance Police Department Officer Young), and OFFICER JOSHUA SATTERFIELD (erroneously sued herein as Torrance Police Department Officer Satterfield)

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE OTHER ALLEGED MISCONDUCT**