Douglas C. Smith, Esq. (SBN 160013)
Daniel W. Ferris, Esq. (SBN 318813)
SMITH LAW OFFICES, LLP
4001 Eleventh Street
Riverside, CA 92501
Telephone: (951) 509-1355
Facsimile: (951) 509-1356
dsmith@smitlaw.com
dferris@smitlaw.com

Attorney for Defendants
OFFICER CHRISTOPHER ALLEN-YOUNG (erroneously sued herein as Torrance Police Department Officer Young), and
OFFICER JOSHUA SATTERFIELD (erroneously sued herein as Torrance Police Department Officer Satterfield)

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRUL ROBINSON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF TORRANCE; TORRANCE POLICE DEPARTMENT; TORRANCE POLICE DEPARTMENT OFFICER SATTERFIELD; TORRANCE POLICE DEPARTMENT OFFICER YOUNG; TORRANCE POLICE DEPARTMENT OFFICER WALLACE; TORRANCE POLICE DEPARTMENT OFFICER TOMSIC; DOE POLICE OFFICERS 1-20, inclusive; and DOE CORRECTIONAL OFFICERS 1-20, inclusive,<br><br>Defendants. | Case No.: 2:22-cv-05173-RGK(Ex)<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 2 SEEKING A COURT ORDER TO EXCLUDE SUBSEQUENT ARREST AND CRIMINAL PROSECUTION**<br><br>Date: June 13, 2023<br>Time: 9:00 a.m.<br>Courtroom: 850<br><br>*Complaint filed 7/26/22*<br>*First Amended Complaint filed 9/8/22* |

1
**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 2 SEEKING A COURT ORDER TO EXCLUDE SUBSEQUENT ARREST AND CRIMINAL PROSECUTION**

Defendants submit the following Reply to Plaintiffs' Opposition to Defendants' Motion in Limine No. 2 Seeking A Court Order to Exclude Subsequent Arrest And Criminal Prosecution.

# I.

# ARGUMENT

### A. These Defendants Were Not an Integral Participant to Plaintiff's Felonious Conduct that Led to His Arrest.

Plaintiff's opposition relies on these Defendants being integral participants in his subsequent arrest and criminal prosecution. Plaintiff argues that by their alleged conduct during the traffic stop, "Satterfield and Young "set in motion a series of acts" that led to Plaintiff fleeing, crashing his car, being arrested, and serving time in prison." (Opp. P.3:18-19.) What the opposition does not include is the link between Plaintiff crashing his car, then fleeing that scene where he caused injury to others, then attempting to hide from police looking for him because of his hit and run, was when he was arrested. The conduct of these Defendants did not make Plaintiff make those decisions that led to his arrest.

"A police officer need not have been the sole party responsible for a constitutional violation before liability may attach. An officer's liability under section 1983 is predicated on his 'integral participation' in the alleged violation. This theory of liability does not require that each officer's actions themselves rise to the level of a constitutional violation. Instead, liability may attach if the officer has some fundamental involvement in the conduct that allegedly caused the violation. A theory of integral participation thus comports with general tort principles of causation applicable to a § 1983 action: Government officials, like other defendants, are generally responsible for the natural or reasonably foreseeable consequences of their actions." Nicholson v. City of Los Angeles, 935 F.3d 685, 691 (9th Cir. 2019)

///

///

An actor may be deemed to have caused a constitutional violation under the "integral-participant doctrine," "only if (1) the defendant knew about and acquiesced in the constitutionally defective conduct as part of a common plan with those whose conduct constituted the violation, or (2) the defendant set in motion a series of acts by others which the defendant knew or reasonably should have known would cause others to inflict the constitutional injury." Peck v. Montoya, 51 F.4th 877, 891 (9th Cir. 2022).

In Torres v. City of Los Angeles, the court found that a detective was not an integral participant in an allegedly unlawful arrest, in part because she "was not present [at the arrest], and there is no evidence that [she] instructed the other detectives to arrest [the plaintiff] or that any of those detectives consulted with her before making the arrest." 548 F.3d 1197, 1206 (9th Cir. 2008). As alleged in Plaintiff's complaint, these officers did not arrest him, "Mr. Robinson was then illegally arrested by Defendants Torrance Police Department Officers Wallace (#19752) and Tomsic (#19938)." (FAC P.2:21-23.) "To determine whether an officer had probable cause for an arrest, 'we examine the events leading up to the arrest, and then decide "whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to" probable cause.'" District of Columbia v. Wesby, 138 S. Ct. 577, 586.

In Nicholson, "Plaintiffs alleged that Officers Amaral and Gutierrez "directed the other officers to handcuff, search and arrest all of us for reasons unknown to any of us." Gutierrez himself acknowledged that he was "involved in the decision to handcuff [Plaintiffs]." In contrast to the absent officer who was not consulted prior to the arrest in Torres, Gutierrez was the initial officer who set these events into motion, and either instructed the other officers to arrest Plaintiffs or consulted with them in that decision." There has been no evidence cited that these defendants were present at the scene of the arrest, that these defendants instructed those officers to arrest Plaintiff, nor that those officers consulted with these defendants before Plaintiff was arrested.

Here, Plaintiff's argument of the actions that led to his arrest were not caused by the alleged conduct during the traffic stop. The causal link between the traffic stop is broken once Plaintiff decided to commit other felonies and misdemeanors that led to his arrest. It was not reasonably foreseeable that Plaintiff would go onto to conduct other crimes that led to his arrest. Those felonies and misdemeanors were not the results of an alleged constitutional violation by these officers. By Plaintiff's logic, he could have evaded these officers, then robbed a bank, then contend that his felonious conduct was due to these Defendants' conduct. That is not how the integral participant theory works. There has to be a direct causal link between the alleged constitutional violation by these defendants and his subsequent arrest and criminal prosecution.

**B. Plaintiff Has Not Overcome The *Smiddy* Doctrine.**

Plaintiff is misstating the evidence that was presented to the prosecutor during Plaintiff's criminal prosecution. The opposition states, "it is undisputed that when Young testified at Plaintiff's preliminary hearing, he never stated he or Satterfield pointed their guns at Plaintiff." (Opp P.6:23-24.) That is a false representation to this court. A true and correct copy of the excerpt from that preliminary hearing is attached hereto as Exhibit 1. There was clearly questions about these defendants having their guns drawn during the traffic stop. Defendant Young truthfully testified that he had his gun drawn when he approached the vehicle. Plaintiff cannot legitimately argue that there was fraudulent testimony given that led to his criminal conviction.

///
///
///
///
///
///
///
///

## II.
## CONCLUSION

Based upon the forgoing, Defendants respectfully request the Court enter an Order granting Motion in Limine #2, to exclude Plaintiff's subsequent arrest and criminal prosecution.

DATED:  June 2, 2023					SMITH LAW OFFICES, LLP

							By: *Daniel Ferris*
							Douglas C. Smith
							Daniel W. Ferris
							Attorney for Defendants
							OFFICER CHRISTOPHER ALLEN-YOUNG (erroneously sued herein as Torrance Police Department Officer Young), and OFFICER JOSHUA SATTERFIELD (erroneously sued herein as Torrance Police Department Officer Satterfield)