Douglas C. Smith, Esq. (SBN 160013)
Daniel W. Ferris, Esq. (SBN 318813)
SMITH LAW OFFICES, LLP
4001 Eleventh Street
Riverside, CA 92501
Telephone: (951) 509-1355
Facsimile: (951) 509-1356
dsmith@smitlaw.com
dferris@smitlaw.com

Attorney for Defendants
OFFICER CHRISTOPHER ALLEN-YOUNG (erroneously sued herein as Torrance Police Department Officer Young), and
OFFICER JOSHUA SATTERFIELD (erroneously sued herein as Torrance Police Department Officer Satterfield)

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRUL ROBINSON, an individual,<br><br>         Plaintiff,<br><br>    vs.<br><br>CITY OF TORRANCE; TORRANCE POLICE DEPARTMENT; TORRANCE POLICE DEPARTMENT OFFICER SATTERFIELD; TORRANCE POLICE DEPARTMENT OFFICER YOUNG; TORRANCE POLICE DEPARTMENT OFFICER WALLACE; TORRANCE POLICE DEPARTMENT OFFICER TOMSIC; DOE POLICE OFFICERS 1-20, inclusive; and DOE CORRECTIONAL OFFICERS 1-20, inclusive,<br><br>         Defendants. | Case No.: 2:22-cv-05173-RGK(Ex)<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 3 TO PRECLUDE PLAINTIFF'S EXPERT ROGER CLARK OPINIONS OF EXPERT REPORT**<br><br>Date: June 13, 2023<br>Time: 9:00 a.m.<br>Courtroom: 850<br><br>*Complaint filed 7/26/22*<br>*First Amended Complaint filed 9/8/22* |

1
**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 3 TO PRECLUDE PLAINTIFF'S EXPERT ROGER CLARK OPINIONS OF EXPERT REPORT**

Defendants submit the following Reply to Plaintiffs' Opposition to Defendants' Motion in Limine No. 3 To Preclude Plaintiff's Expert Roger Clark Opinions Of Expert Report.

# I.
# ARGUMENT

The opposition incorrectly characterizes what opinions the Defendants Motion in Limine No.3 are attempting to preclude from his expert Roger Clark's reports. As clearly stated in the motion, the following opinions are not permissible under the Federal Rules of Evidence, "(1) In my opinion, Mr. Robinson was justified in fleeing in fear of his life thinking that Officers Satterfield and Young intended to inflict on him great bodily harm and/or death because of his race." (2) "There is significant independent indications that seminal exculpatory audio/video recording were deliberately deleted and/or turned off to assure Mr. Robinson's conviction." (3) "Taking Mr. Robinson's deposition testimony as true, he had a reasonable assumption that one or both of the Defendant Officers were going to shoot and kill him." These opinions are direct quotes from Mr. Clark's expert report.

**A. Plaintiff's Expert is not Permitted to Testify to the Subjective Beliefs of the Plaintiff at the time he fled.**

The opposition's first argument is, "Mr. Clark does not offer any opinion, expert or otherwise, on Plaintiff's "subjective belief" at the time he fled Defendants." (Opp P.3:18-19.) However, as clearly quoted above, Mr. Clark's 1 and 3 opinions go to the state of mind i.e. subjective belief of Plaintiff when he fled. The opposition's argument that this is not a subjective belief is incorrect.   Both these opinions are impermissible under Federal Rule of Evidence, Rule 702, provides, in part, that "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if ... the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid., Rule 702. Mr. Clark has no basis to testify as

to the subjective beliefs of Plaintiff. The credibility of Plaintiff's beliefs when he fled is for the jury to decide.

**B. Plaintiff's Expert is not Permitted to Testify as to Whether Evidence was Altered or Destroyed.**

It is well established that under *Federal Rule of Evidence*, Rule 702, expert testimony may not be offered to undermine or buttress witness credibility. In United *States v. Rivera*, 43 F.3d 1291 (9th Cir. 1995), the Ninth Circuit explained that expert testimony "may not appropriately be used to buttress credibility ... ' [an] expert witness is not permitted to testify specifically to a witness' credibility or to testify in such a manner as to improperly buttress a witness' credibility.'" *Id*. at 1295. Courts reason that determinations of witness credibility or truthfulness is within the exclusive province of the jury; therefore, expert opinions concerning such a matter is inappropriate. *See* Bouygues Telecom, S.A. v. Tekelec, 472 F.Supp.2d 722 (E.D.N.C. 2007).

Plaintiff's expert is attempting to undermine the credibility of these Defendants when he offers the following opinion, "(2) There is significant independent indications that seminal exculpatory audio/video recording were deliberately deleted and/or turned off to assure Mr. Robinson's conviction." This goes directly to the evidence captured by these defendants. Plaintiff's expert is allowed to testify as to the common practices of handling evidence as a police officer. But he is not allowed to offer testimony that these officers somehow destroyed evidence.

///
///
///
///
///
///
///
///

# II.

# CONCLUSION

Based upon the forgoing, Defendants respectfully request the Court enter an Order granting Motion in Limine #3, to preclude the above impermissible opinions of Plaintiff's expert Roger Clark.

DATED: June 2, 2023　　　　　　　　SMITH LAW OFFICES, LLP

By: *Daniel Ferris*
　　Douglas C. Smith
　　Daniel W. Ferris
　　Attorney for Defendants
　　OFFICER CHRISTOPHER ALLEN-YOUNG (erroneously sued herein as Torrance Police Department Officer Young), and OFFICER JOSHUA SATTERFIELD (erroneously sued herein as Torrance Police Department Officer Satterfield)

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 3 TO PRECLUDE PLAINTIFF'S EXPERT ROGER CLARK OPINIONS OF EXPERT REPORT**