Douglas C. Smith, Esq. (SBN 160013)
Daniel W. Ferris, Esq. (SBN 318813)
SMITH LAW OFFICES, LLP
4001 Eleventh Street
Riverside, CA 92501
Telephone: (951) 509-1355
Facsimile: (951) 509-1356
dsmith@smitlaw.com
dferris@smitlaw.com

Attorney for Defendants
OFFICER CHRISTOPHER ALLEN-YOUNG (erroneously sued herein as Torrance Police Department Officer Young), and
OFFICER JOSHUA SATTERFIELD (erroneously sued herein as Torrance Police Department Officer Satterfield)

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRUL ROBINSON, an individual, | Case No.: 2:22-cv-05173-RGK(Ex) |
| Plaintiff, | **DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 4 TO PRECLUDE REFERENCE OR ENTERING INTO EVIDENCE ANY TEXT MESSAGES SUBSEQUENT TO THE SUBJECT INCIDENT** |
| vs. | |
| CITY OF TORRANCE; TORRANCE POLICE DEPARTMENT; TORRANCE POLICE DEPARTMENT OFFICER SATTERFIELD; TORRANCE POLICE DEPARTMENT OFFICER YOUNG; TORRANCE POLICE DEPARTMENT OFFICER WALLACE; TORRANCE POLICE DEPARTMENT OFFICER TOMSIC; DOE POLICE OFFICERS 1-20, inclusive; and DOE CORRECTIONAL OFFICERS 1-20, inclusive, | Date: June 13, 2023<br>Time: 9:00 a.m.<br>Courtroom: 850<br><br>*Complaint filed 7/26/22*<br>*First Amended Complaint filed 9/8/22* |
| Defendants. | |

1
**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 4 TO PRECLUDE REFERENCE OR ENTERING INTO EVIDENCE ANY TEXT MESSAGES SUBSEQUENT TO THE SUBJECT INCIDENT**

Defendants submits the following Reply to Plaintiffs' Opposition to Defendants' Motion in Limine No. 4 To Preclude Reference Or Entering Into Evidence Any Text Messages Subsequent To The Subject Incident.

# I.

# ARGUMENT

**A. The Text Messages Are Inadmissible.**

Subsequent to Plaintiff's opposition to Defendants' motion in limine no. 4, this Court has ruled that the subject traffic stop was lawful. (Docket No.125.) In *Price*, the court ruled there was not reasonable suspicion or probable cause to initiate the traffic stop. The plaintiff can no longer argue that there was a racial basis to initiate the stop. These Defendants had a reasonable suspicion to initiate the traffic stop. The text messages do not go towards relevance of any material point.

"The threshold inquiry a court must make before admitting similar acts evidence under Rule 404(b) is whether that evidence is probative of a material issue other than character." Huddleston v. United States, 485 U.S. 681, 686. In an excessive force case, generally "[t]he question to be resolved [is] whether, objectively, [the defendant's] use of force [was] excessive." Gates v. Rivera, 993 F.2d 697, 700 (9th Cir. 1993).

The defendants alleged use of excessive force is to be viewed objectively, Officers arresting a suspect must use only the force that is "objectively reasonable" under the circumstances. Jackson v. City of Bremerton, 268 F.3d 646, 651 (9th Cir. 2001). The jury need only weigh the circumstances leading up to the traffic stop and the conduct of Plaintiff to determine whether the force was reasonable. As this Court has ruled, the only question for the jury is whether the gun was pointed at Plaintiff or in the direction of Plaintiff. Any alleged bias is not relevant to that question. Subsequent text messages not related to this traffic stop are not relevant and hold no probative value to the issue of excessive force.

///

///

## II.

## CONCLUSION

Based upon the foregoing, Defendants respectfully request the Court enter an Order granting Motion in Limine No. 4 To Preclude Reference Or Entering Into Evidence Any Text Messages Subsequent To The Subject Incident.

DATED: June 2, 2023                SMITH LAW OFFICES, LLP

By: *Daniel Ferris*
Douglas C. Smith
Daniel W. Ferris
Attorney for Defendants
OFFICER CHRISTOPHER ALLEN-YOUNG (erroneously sued herein as Torrance Police Department Officer Young), and OFFICER JOSHUA SATTERFIELD (erroneously sued herein as Torrance Police Department Officer Satterfield)

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 4 TO PRECLUDE REFERENCE OR ENTERING INTO EVIDENCE ANY TEXT MESSAGES SUBSEQUENT TO THE SUBJECT INCIDENT**