Douglas C. Smith, Esq. (SBN 160013)
Daniel W. Ferris, Esq. (SBN 318813)
SMITH LAW OFFICES, LLP
4001 Eleventh Street
Riverside, CA 92501
Telephone: (951) 509-1355
Facsimile: (951) 509-1356
dsmith@smitlaw.com
dferris@smitlaw.com

Attorney for Defendants
OFFICER CHRISTOPHER ALLEN-YOUNG (erroneously sued herein as Torrance Police Department Officer Young), and
OFFICER JOSHUA SATTERFIELD (erroneously sued herein as Torrance Police Department Officer Satterfield)

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRUL ROBINSON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF TORRANCE; TORRANCE POLICE DEPARTMENT; TORRANCE POLICE DEPARTMENT OFFICER SATTERFIELD; TORRANCE POLICE DEPARTMENT OFFICER YOUNG; TORRANCE POLICE DEPARTMENT OFFICER WALLACE; TORRANCE POLICE DEPARTMENT OFFICER TOMSIC; DOE POLICE OFFICERS 1-20, inclusive; and DOE CORRECTIONAL OFFICERS 1-20, inclusive,<br><br>Defendants. | Case No.: 2:22-cv-05173-RGK(Ex)<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 5 TO PRECLUDE ANY REFERENCE TO THE POST INCIDENT EMPLOYMENT STATUS OF THE DEFENDANTS**<br><br>Trial: June 13, 2023<br>Time: 9:00 a.m.<br>Courtroom: 850<br><br>*Complaint filed 7/26/22*<br>*First Amended Complaint filed 9/8/22* |

1

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 5 TO PRECLUDE ANY REFERENCE TO THE POST INCIDENT EMPLOYMENT STATUS OF THE DEFENDANTS**

Defendant County of Riverside ("County") submits the following Reply to Plaintiffs' Opposition to Defendants' Motion in Limine No. 5 To Preclude Any Reference To The Post Incident Employment Status Of The Defendants.

# I.

# ARGUMENT

**A. The Defendants Subsequent Employment Status is Irrelevant to The Alleged Conduct During This Incident.**

Plaintiff has no foundation on which to base his assertion that Defendants' were terminated relating to the alleged text messages, which are not relevant to this case. There is no evidence that Defendants change in employment status is related to their alleged conduct with Plaintiff. Plaintiff's opposition wishes to confound the issue of the relevance of text messages and their employment status as officers. There is nothing relevant between the two.

Medina is analogous to the instant case. Like the officer in Medina, the change in these Defendants' employment status is completely unrelated to Plaintiff's claims. In this case, six years have passed since the subject incident. Evidence of these Defendants' employment status is irrelevant and thus barred under Federal Rule of Evidence, Rule 402. Beckway v. Deshong, 2012 U.S. Dist. Lexis 3972, at *10 (N.D. CA 2012) (Court granting motion in limine excluding any evidence of discipline as it is barred under Fed. R. Evid. 404 and lacked clear relevance); Wilson v. Jara, 2011 U.S. Dist. Lexis. 147752, at * 20-21 (D.N. NM Nov. 1, 2011).

///
///
///
///
///
///
///

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 5 TO PRECLUDE ANY REFERENCE TO THE POST INCIDENT EMPLOYMENT STATUS OF THE DEFENDANTS**

## II.

## **CONCLUSION**

Based upon the foregoing, Defendants respectfully request the Court enter an Order granting Motion in Limine No. 5 To preclude any reference to the Defendants' employment status after the subject incident.

DATED:  June 2, 2023                         SMITH LAW OFFICES, LLP

By: *Daniel Ferris*
Douglas C. Smith
Daniel W. Ferris
Attorney for Defendants
OFFICER CHRISTOPHER ALLEN-YOUNG (erroneously sued herein as Torrance Police Department Officer Young), and OFFICER JOSHUA SATTERFIELD (erroneously sued herein as Torrance Police Department Officer Satterfield)

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 5 TO PRECLUDE ANY REFERENCE TO THE POST INCIDENT EMPLOYMENT STATUS OF THE DEFENDANTS**